# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| MICHAEL ANTHONY HEARD, | * | |
| | * | |
| Petitioner, | | Civil Action: 17-153 |
| v. | * | Criminal Action: 14-536 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On September 1, 2015, Petitioner Michael Anthony Heard pled guilty to "bank robbery in violation of 18 U.S.C. § 2113(a)" and "knowingly, intentionally, and unlawfully using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)." ECF No. 103 at 1.[1] The crime of violence underlying the § 924(c) conviction was the bank robbery. Based on the guilty plea, the Court sentenced Mr. Heard to 181 months in prison on January 13, 2016.

On January 17, 2017, Mr. Heard filed a Motion to Vacate, Set Aside, or Correct his Sentence, arguing that he is entitled to relief under 28 U.S.C. § 2255 because bank robbery no longer qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 924(c). ECF No. 140. The Government filed a Motion to Dismiss, ECF No. 141, and Petitioner replied, ECF No. 145. No hearing is necessary. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion is denied.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

## I. STANDARD OF REVIEW

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A sentence violates the laws of the United States if the law has changed since the sentence was imposed such that the underlying offense is no longer a crime. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000).

## II. DISCUSSION

Mr. Heard's Motion rests on his claim that bank robbery in violation of § 2113(a) no longer qualifies as a "crime of violence" under § 924(c), meaning his conviction is based on conduct no longer considered criminal. ECF No. 140-1 at 2–3. However, the Fourth Circuit has unambiguously held that "bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property "by force and violence, or by intimidation." *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir.), *cert. denied*, 137 S. Ct. 164, 196 L. Ed. 2d 138 (2016).

Section 924(c) is a penalty provision that enhances the sentence of a defendant who uses or carries a firearm during, as relevant here, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as a felony offense that:

> (A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Courts commonly refer to subsection A as the "force clause" and subsection B as the "residual clause."

"In determining whether an offense is a crime of violence under either clause," the Fourth Circuit applies "the categorical approach," analyzing only the elements of the offense in question rather than the facts of the particular case. *McNeal*, 818 F.3d at 152. *See also United States v. Evans*, 848 F.3d 242, 245–46 (4th Cir. 2017); *In re Irby*, 858 F.3d 231, 233–34 (4th Cir. 2017). The crime underlying Mr. Heard's § 924(c) conviction was bank robbery, which has as an element that money or a thing of value be taken "by force and violence, or by intimidation." 18 U.S.C. § 2113. Although Mr. Heard skillfully argues that a taking by "intimidation" need not involve "the use, attempted use, or threatened use of physical force," ECF No. 140-1 at 3–4 and ECF No. 145 at 3–4, the Fourth Circuit rejected an identical argument in *United States v. McNeal*, 818 F.3d 141, 154 (4th Cir.). That binding and directly on-point decision forecloses Defendant's argument.

The arguments Mr. Heard makes relying on recent Supreme Court and Fourth Circuit precedent were also presented to, and rejected by, the Fourth Circuit in *McNeal*. To Mr. Heard's position that the Supreme Court has decided that an analogous residual clause is unconstitutionally vague, ECF No. 140-1 at 2, the *McNeal* court responds: Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague." 818 F.3d at 152 n. 8.[2] Additionally,

---
[2] This case similarly does not present the Court with an occasion to consider whether the § 924(c)(3) residual clause is unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015) because an answer to that question would not be outcome determinative here. *See United States v. Fuertes*, 805 F.3d 485, 499 n. 5 (4th Cir.2015) (invoking the principle of constitutional avoidance).

when confronted with Petitioner's argument that because *United States v. Torres–Miguel*, 701 F.3d 165 (4th Cir.2012) distinguishes between "using physical force" and "causing bodily injury," intimidation cannot be equivalent to the use or attempted use of force, ECF No. 145 at 3–5, the court of appeals explained: "intimidation entails a threat to use violent physical force, and not merely a threat to cause bodily injury," meaning "*Torres–Miguel* does not alter our conclusion that § 2113(a) bank robbery is a crime of violence under the § 924(c)(3) force clause." 818 F.3d at 154. Moreover, the Fourth Circuit found the 2010 *Johnson* case, upon which Petitioner relies (ECF No. 145 at 4), "entirely consistent" with "earlier authorities concluding that § 2113(a) bank robbery is a crime of violence." 818 F.3d at 156.

Finally, Petitioner's argument that the bank robbery he pled guilty to should not qualify as a crime of violence because this Court noted at his sentencing hearing that "people <u>could</u> <u>have</u> gotten seriously hurt," ECF No. 145 at 3 (emphasis in original), is also unpersuasive. After all, the Fourth Circuit's categorical approach does not look to the facts of a specific case, but to the elements of the underlying offense to determine whether it constitutes a crime of violence. *In re Irby*, 858 F.3d at 233–34.

Because the Fourth Circuit has specifically held that bank robbery, 18 U.S.C. § 2113(a), is a "crime of violence within the meaning of the force clause of 18 U.S.C. § 924(c)(3)," Petitioners Motion to Vacate, Set Aside, or Correct Sentence must be denied.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, no certificate appealability will issue.

**IV.    CONCLUSION**

For the foregoing reasons the Government's Motion to Dismiss, ECF No. 141, is granted, and Petitioners Motion to Vacate, Set Aside, or Correct a Sentence, ECF No. 140 is denied. A separate Order shall issue.

Date: October   2 , 2018                                   /s/
                                                GEORGE J. HAZEL
                                                United States District Judge