**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | )      Criminal Action No. 14-cr-00536-LKG |
| | ) |
| MICHAEL ANTHONY HEARD, | )      Dated: March 24, 2025 |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

## I.　　INTRODUCTION

The Defendant *pro se*, Michael Anthony Heard, has moved for compassionate release and to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 164. This motion is fully briefed. ECF Nos. 164, 167, 168, 169, 171, 172, 173, 182 and 183. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant's motion.

## II.　　BACKGROUND AND PROCEDURAL HISTORY[1]

The Defendant *pro se*, Michael Anthony Heard, is currently serving a 181-month sentence, after having been convicted of bank robbery, in violation of 18 U.S.C. § 2113(a), and the use, carry, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 942(c). *See generally* ECF No. 103; ECF No. 182 at 1-2.

The facts related to these offenses are as follows. The Defendant conspired with others to rob two banks on December 30, 2013, and March 11, 2014. ECF No. 182 at 1. During these robberies, multiple firearms were used and pointed at bank customers and employees. *Id.* The Defendant and his co-conspirators also verbally threatened to shoot the bank employees. *Id.* at 1.

On April 20, 2015, a Grand Jury returned a Superseding Indictment charging the Defendant

---

[1] The facts recited in this memorandum opinion are taken from the Defendant's motion for compassionate release and to reduce sentence, the Government's response in opposition thereto, and the memorandum in support thereof. ECF Nos. 87, 108, 132, 133, 164, 167, 168, 169, 171, 172, 172, 182, 183 and 189.

with: (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count I); (2) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count II); (3); use, carry, and brandishing a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. § 942(c) (Count III); (4) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count IV), and (5) use, carry, and brandishing a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. § 942(c) (Count V). ECF No. 87.  On September 1, 2015, the Court held a re-arraignment and plea hearing, during which the Defendant pleaded guilty to one count of bank robbery (Count IV) and one count of use, carry, and brandishing a firearm during, and in relation to, a crime of violence (Count V).  ECF No. 102; *see also* ECF No. 103.  In the Plea Agreement, the Defendant agreed to a sentencing range of 120-181 months imprisonment.  ECF No. 103.

On January 13, 2016, the Court held a sentencing hearing.  ECF No. 118.  During the sentencing hearing, the Court characterized the offenses as follows:

> Both of these events are extremely violent offenses and . . . very easily could have ended up in great tragedy certainly, even as they unfolded.  These were terrifying events for the victims who were there.  Any crime involving a gun is very serious.  A crime involving the active use of a gun as we have here is even more serious. His actions demonstrate to the Court that he is a danger to the community.  It demonstrates to the Court that a lengthy period of incarceration is therefore necessary to protect the public from Mr. Heard, as well as deter others from similar acts.

ECF No. 182-1 at 43:21-44:7.  At the conclusion of the sentencing hearing the Court sentenced the Defendant to a 97-month term of imprisonment for the bank robbery offense (Count IV) and to an 84-month term of imprisonment for the use, carry, and brandishing a firearm offense (Count V), to run consecutively, for a total term of 181 months imprisonment.  ECF No. 118; *see also* ECF No. 132.

The sentence imposed by the Court is below the applicable Sentencing Guideline range at the time.  ECF No. 182 at 2.  The Defendant is currently serving his sentence at FCI Fort Dix, and his projected release date is January 17, 2027.  *Id.* at 3.

On February 28, 2022, the Defendant filed a *pro se* motion for compassionate release and to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 164.  The Defendant has also filed several supplements to that motion.  ECF Nos. 167, 168, 169, 171, 172 and 173.

On December 1, 2023, the Government filed a response in opposition to the Defendant's

motion.  ECF No. 182.

The Defendant's motion for compassionate release and to reduce sentence having been fully briefed, the Court resolves the pending motion.

### III.    LEGAL STANDARDS

#### A.    Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that the Court "may not modify a term of imprisonment once it has been imposed."  *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (quoting 18 U.S.C. § 3582(c)); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020).  But "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception to this rule is when the modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence.  *United States v. Wiggins*, No. 13-512, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020).  Section 3582 was adopted as part of the Sentencing Reform Act of 1984.  *Id.*  The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP").  *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984).  But, in December 2018, Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA").  *See* Pub. L. No. 115-391, 132 Stat. 5239 (2018).  The FSA also eliminated the "stacking" of sentences imposed for violations of 18 U.S.C. § 924(c), which had resulted in 25-year mandatory minimum sentences for each "second or subsequent conviction under [924(c)]."  *Id.* at § 403, 132 Stat. 5221.

This Court has held that 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, permits the Court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first.  *Wiggins*, 2020 WL 4436373, at *2.  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id.*

3

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* at *3 (quoting § 3582(c)(1)(A)).  And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the United States Sentencing Commission (the "Commission") in U.S.S.G. § 1B1.13.  *Id.* (quoting § 3582(c)(1)(A)).

In this regard, the Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).  Relevant to the pending motion, Section 1.1B.13 of the Sentencing Guidelines defines "extraordinary and compelling reasons" involving a defendant's medical conditions as follows:

> (D) The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).  The Sentencing Guidelines also provide that:

4

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).  In addition, the Sentencing Guidelines provide that:

> [R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

*Id.* § 1B1.13(d).  Lastly, Section 1B1.13(b)(5) of the Sentencing Guidelines provides for a reduction of sentence if the defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in Section 1B1.13(b)(1)-(4), "are similar in gravity." *Id.* § 1B1.13(b)(5).

## IV.    ANALYSIS

The Defendant has moved for compassionate release and to reduce his sentence upon the following five grounds: (1) the ineffective handling of the COVID-19 pandemic at his prison warrants a reduction in sentence; (2) the disparity between his 181-month sentence and the sentence that he would have received under the First Step Act warrants a reduction in sentence; (3) the disparity between his 181-month sentence and the sentence of his co-defendant warrants a reduction in sentence; (4) his exemplary post-conviction conduct warrants a reduction in sentence; and (5) the Section 3553(a) factors weigh in favor of compassionate release.  ECF No. 164 at 14-27.  And so, the Defendant requests that the Court reduce his sentence.  *Id.*

In its response in opposition to the Defendant's motion, the Government argues that the Defendant is not entitled to a reduced sentence, because he has not demonstrated extraordinary and compelling reasons for the Court to reduce his sentence and the Section 3553(a) factors also do not support compassionate release.  ECF No. 182 at 7 and 13.  And so, the Government requests that the Court deny the Defendant's motion.  *Id.* at 15.

For the reasons that follow, the Defendant has not shown an extraordinary and compelling

reason to reduce his sentence.  And so, the Court DENIES the Defendant's motion.

**A.    The Defendant Has Not Shown Extraordinary
And Compelling Reasons To Reduce His Sentence**

As an initial matter, the Defendant has not met his burden to show an extraordinary and compelling reason to reduce his sentence.  Pursuant to Section 3582(c)(1)(A), the Court may reduce the Defendant's sentence, if he shows that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.  *Wiggins*, 2020 WL 4436373, at *2 (quoting § 3582(c)(1)(A)).  But, the Defendant fails to make a threshold showing of an extraordinary and compelling reason to reduce his sentence in this case for several reasons.

First, the Defendant has not shown that the COVID-19 pandemic warrants a reduction of his sentence.  In his motion, the Defendant requests that the Court reduce his 181-month sentence, because the conditions at his prison during the COVID-19 pandemic were ineffective in handling the pandemic and forced his exposure to the coronavirus.  ECF No. 164 at 14-16.  But this Court has consistently held that the COVID-19 pandemic is not an extraordinary and compelling reason for compassionate release.  *See, e.g.*, *United States v. Bailey*, No. 17-225-LKG, 2024 WL 5107233, at *6 (D. Md. Dec. 13, 2024).  Notably, on May 11, 2023, former President Biden and the Centers for Disease Control and Prevention issued a proclamation declaring that COVID-19 is no longer a national pandemic due to advancements in developing a vaccine, which has led to lower contraction and infection rates.  *See* https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html.  Given this, the Defendant fails to show that he is at more risk to injury due to COVID-19 than other incarcerated individuals, or members of the general public.

Second, the Defendant's argument that the Court should reduce his sentence, because he would receive a lower sentence if sentenced today under the FSA, is also unconvincing.  ECF No. 164 at 8; ECF No. 182 at 12; ECF No. 183 at 2; ECF No. 189 at 1.  As the Government explains in its response in opposition, the Defendant's sentence in this case is not eligible for reduction under the First Step Act, because the Defendant was not sentenced under the 942(c) stacking provision.  ECF No. 182 at 11; ECF No. 164 at 16; *see also* 18 U.S.C. §§ 2113(d); 924(c)(1)(A)(ii).  Rather, the Defendant agreed in the Plea Agreement to a sentence that would fall within the range of 120-181 months.  ECF No. 103.

There is also no dispute that the Defendant's sentence fell below the applicable Guideline range at the time of sentencing. ECF No. 182 at 12; ECF No. 164. In addition, the Defendant fails to identify a change in the applicable Sentencing Guidelines to support his sentencing disparity argument. *See* ECF No. 164 at 11-14. The Government also persuasively argues that the Defendant would have faced the potential of a significantly longer sentence, had he proceeded to trial on all the bank robbery and use, carry, and brandishing a firearm charges in this matter. ECF No. 182 at 12 (arguing that the Defendant would have faced a mandatory minimum penalty of 168 months, to run consecutively, if convicted on all bank robbery and use, carry and brandishing a firearm counts). Given this, the Defendant simply has not shown that he would receive a lower sentence if he were sentenced today.

The Defendant also fails to show that any disparity between his sentence and the sentence of his co-defendant is an extraordinary and compelling reason justifying a reduction of sentence. ECF No. 164 at 21-22; ECF No. 182 at 12-13. In this regard, the Defendant argues that he improperly received a greater sentence than his co-defendant, because his co-defendant's criminal history did not score, due to its age, while his own criminal history, which was more recent, did score when determining his criminal history category. ECF No. 164 at 22. While this disparity in calculating the Defendant's criminal history score did occur, the disparity reflects the manner in which the Sentencing Guidelines calculate criminal history. *See* U.S.S.G. § 4A1.2(e). And so, the Court does not find the disparity to be an extraordinary and compelling reason to reduce the Defendant's sentence. *See United States v. Bass*, No. 20-7561, 2023 WL 4105711, at *2 (4th Cir. June 21, 2023) ("A district court is not required to consider the sentences of codefendants, and it is well settled that codefendants and even coconspirators may be sentenced differently for the same offense." (quoting *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005))).

As a final matter, the Defendant's personal and educational accomplishments during his incarceration, while laudable, also do not constitute an extraordinary and compelling reason to reduce his sentence. The Defendant informs the Court that he received a Bachelor of Science in Business Administration from Glenville State University and FCI certificates, and that he has also continued his spiritual studies, during his period of incarceration. ECF No. 164 at 19-20; ECF No. 172-2. The Defendant is to be commended for these accomplishments. But the Defendant's rehabilitation is not, by itself, or in combination with the other reasons that he advances for compassionate release in this case, an extraordinary and compelling reason to reduce his sentence.

U.S.S.G. § 1B1.13(d).  And so, for each of the aforementioned reasons, the Defendant has not shown an extraordinary and compelling reason to reduce his sentence and the Court must DENY the Defendant's motion.[2]

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion (ECF No. 164).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] Because the Court determines that the Defendant has not shown an extraordinary and compelling reason to reduce his sentence, the Court does not address whether the Section 3553(a) factors support compassionate release.

8